IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **RONNIE PATTON,** | * |
| | * |
| **Plaintiff,** | * |
| | *   **Civil No. TMD 14-1369** |
| v. | * |
| | * |
| | * |
| **CAROLYN W. COLVIN,** | * |
| **Acting Commissioner of Social Security,** | * |
| | * |
| **Defendant.** | * |

\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OPINION GRANTING PLAINTIFF'S
<u>ALTERNATIVE MOTION FOR REMAND</u>**

Ronnie Patton ("Plaintiff") seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying his applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 14), Defendant's Motion for Summary Judgment (ECF No. 16), and Plaintiff's Opposition to Defendant's Motion for Summary Judgment (ECF No. 20).[1] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that he is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 14) is **GRANTED**.

---

[1] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

# I

## Background

Plaintiff was born in 1960, has an eleventh-grade education, and previously worked as a security guard.  R. at 24, 157-58.  On March 23, 2011, Plaintiff applied for DIB and SSI, alleging disability beginning on May 1, 2010, due to arthritis, high blood pressure, knee pain, and asthma.  R. at 138-47, 157.  The Commissioner denied Plaintiff's applications initially and again on reconsideration, so Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  R. at 58-80, 84-89.  On October 18, 2012, ALJ John A. Thawley held a hearing in Washington, D.C., at which Plaintiff and a vocational expert ("VE") testified.  R. at 27-57.  On November 16, 2012, the ALJ issued a decision finding Plaintiff not disabled since the alleged onset date of disability of May 1, 2010, through the date of the decision.  R. at 15-26.  Plaintiff sought review of this decision by the Appeals Council, which denied Plaintiff's request for review on February 20, 2014.  R. at 1-5, 10-11.  The ALJ's decision thus became the final decision of the Commissioner.  *See* 20 C.F.R. §§ 404.981, 416.1481; *see also Sims v. Apfel*, 530 U.S. 103, 106-07, 120 S. Ct. 2080, 2083 (2000).

On April 23, 2014, Plaintiff filed a complaint in this Court seeking review of the Commissioner's decision.  Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment.  The case subsequently was reassigned to the undersigned.  The parties have briefed the issues, and the matter is now fully submitted.

## II

### Summary of Evidence

**A.    State Agency Medical Consultant**

On July 21, 2011, a state agency consultant, M. Feld, M.D., assessed Plaintiff's physical residual functional capacity ("RFC"). R. at 294-303. Dr. Feld opined that Plaintiff could (1) lift and/or carry 20 pounds occasionally and 10 pounds frequently; (2) stand and/or walk for a total of about six hours in an eight-hour workday; (3) sit for about six hours in an eight-hour workday; and (4) perform unlimited pushing and/or pulling. R. at 295. Plaintiff frequently could balance, stoop, kneel, crouch, crawl, and climb ramps and stairs (but never ladders, ropes, or scaffolds). R. at 296. Although he had no manipulative, visual, or communicative limitations, Plaintiff was to avoid all exposure to fumes, odors, dust, gases, and poor ventilation because of his asthma. R. at 297-98.

**B.    Simon Okonkwo, M.D.**

On November 28, 2011, Simon Okonkwo, M.D., assessed Plaintiff's pain and evaluated his physical capacities. R. at 311-15. The ALJ reviewed Dr. Okonkwo's findings in his decision:

> As of November 28, 2011, Dr. Okonkwo indicated that [Plaintiff's] pain was "present to such an extent as to be distracting to adequate performance of daily activities or work," that normal physical activity would greatly increase [Plaintiff's] pain "to such a degree as to cause distraction from tasks or total abandonment of task," and that [Plaintiff's] pain medication involved severe side effects that would "limit effectiveness due to distraction, inattention, drowsiness, etc." Dr. Okonkwo further opined that [Plaintiff] was unable to sit and stand/walk for more than three hours each in an eight-hour workday; unable to lift more than five to ten pounds; unable to push and pull, perform gross manipulation, and be around environmental irritants more than occasionally; unable to climb or balance more than rarely; and unable to bend, stoop, or work around hazards at all. Lastly, he indicated that [Plaintiff] would likely be absent from work three days per month [R. at 311-15].

R. at 23.

**C.**     **Plaintiff's Testimony**

The ALJ reviewed in his decision Plaintiff's allegations:

> At the hearing, [Plaintiff] testified that, due to pain and swelling in his bilateral knees; pain, swelling, and weakness in his right, dominant hand; and pain in his left shoulder, he had difficulty bending, going up stairs, gripping things, and reaching overhead.  He further testified to respiratory problems, including chest pain three to four times per week and daily wheezing, necessitating use of his inhaler twice per day.  He also reported getting only about four hours of sleep per night, and thus taking naps during the day.  Currently, his daily activities involve preparing meals for himself and helping his mother get to the doctor or to run errands.  He goes grocery shopping once a month, but has to lean on the cart while going around the store; he also performs household chores once every two weeks.  [Plaintiff] opined that he could sit/stand for 30-45 minutes at a time, walk about a block, and carry up [to] ten pounds regularly.  He is prescribed Lisinopril for hypertension, Flexeril and Tramadol for pain, and Flovent inhaler for asthma; with reported side effects including dizziness, blurred vision, and stomach pain.  After smoking a pack of cigarettes per day since he was 16, [Plaintiff] quit smoking in mid-2011.

R. at 21-22; *see* R. at 35-51.

### III

### Summary of ALJ's Decision

On November 16, 2012, the ALJ found that Plaintiff (1) had not engaged in substantial gainful activity since the alleged onset date of disability of May 1, 2010; and (2) had an impairment or a combination of impairments considered to be "severe" on the basis of the requirements in the Code of Federal Regulations; but (3) did not have an impairment or a combination of impairments meeting or equaling one of the impairments set forth in 20 C.F.R. pt. 404, subpt. P, app. 1; and (4) could perform his past relevant work as a security guard.  R. at 20-24.  Alternatively, the ALJ found that Plaintiff could perform other work in the national economy, such as a general office helper, counter clerk, or router.  R. at 24-26.  The ALJ thus found that he was not disabled from May 1, 2010, through the date of the decision.  R. at 26.

In so finding, the ALJ found that Plaintiff had the RFC

> to perform light work, as defined in 20 CFR 404.1567(b) and 416.967(b), with push-pull limited to the light level, except that he is unable to climb ladders, ropes, and scaffolds; he can no more than occasionally balance, stoop, crouch, crawl, kneel, or climb ramps/stairs; he is limited to frequent bilateral handling and fingering; with no exposure to extreme temperatures and hazards, such as moving machinery or unprotected heights; and he must avoid even moderate exposure to irritants such as fumes, odors, dusts, and gases.

R. at 21.

Regarding Plaintiff's credibility, the ALJ found that his "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [his] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity." R. at 22. The ALJ found that Plaintiff's "allegations were not considered fully credible mainly because the objective medical evidence simply does not provide a reasonable basis for them, showing only mildly abnormal findings in examination and imaging, as discussed." R. at 24. The ALJ gave "great weight" to Dr. Feld's opinion because it was supported by the objective medical evidence as a whole. R. at 24.

IV

**Disability Determinations and Burden of Proof**

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in

any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-380 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[2]

---

[2] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is

---

in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## V

### Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## VI

## Discussion

Among Plaintiff's contentions is his argument that the ALJ erred in assessing the credibility of his subjective allegations. Pl.'s Mem. Supp. Mot. Summ. J. 21-25, ECF No. 14-1. Indeed, the ALJ's finding in his decision that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [his] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [ALJ's RFC] assessment" (R. at 22) "'gets things backwards' by implying 'that ability to work is determined first and is then used to determine the claimant's credibility.'" *Mascio v. Colvin*, 780 F.3d 632, 639 (4th Cir. 2015) (quoting *Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir. 2012) (Posner, J.)). Rather, the ALJ should compare the claimant's alleged functional limitations from pain to the other evidence in the record, not to the claimant's RFC. *See id.* "[A] claimant's pain and residual functional capacity are not separate assessments to be compared with each other. Rather, an ALJ is required to consider a claimant's pain as part of his analysis of residual functional capacity." *Id.*

9

The ALJ's use of the problematic boilerplate language would not require remand, however, if the ALJ "properly analyzed [Plaintiff's] credibility elsewhere." *Id.*; *see, e.g.*, *Sevens v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-14-1900, 2015 WL 2402821, at *2 (D. Md. May 19, 2015). The Fourth Circuit recently reiterated the following standard in evaluating a claimant's complaints of pain or other symptoms. *Dunn v. Colvin*, 607 F. App'x 264, 272-73 (4th Cir. 2015). Whether "a person is disabled by pain or other symptoms is a two-step process. First, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* at 272 (quoting *Craig*, 76 F.3d at 594). "At this stage of the inquiry, the pain claimed is not directly at issue; the focus is instead on establishing a determinable underlying impairment—a statutory requirement for entitlement to benefits—which could reasonably be expected to be the cause of the disabling pain asserted by the claimant." *Id.* at 272-73 (quoting *Craig*, 76 F.3d at 594). Second, after the first inquiry is complete, the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work." *Craig*, 76 F.3d at 595; *see* 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1). "[T]his evaluation must take into account not only the claimant's statements about her pain, but also 'all the available evidence,' including the claimant's medical history, medical signs, and laboratory findings, any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.) . . . ." *Craig*, 76 F.3d at 595 (citation omitted); *see* 20 C.F.R. §§ 404.1529(c)(1)-(2), 416.929(c)(1)-(2). The ALJ must also take into account "any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it." *Craig*, 76 F.3d at 595;

*see* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *see* Social Security Ruling[3] ("SSR") 96-7p, 1996 WL 374186, at *3 (July 2, 1996).

In this case, in determining Plaintiff's RFC, the ALJ chose to credit some, but not all, of his statements. *See Mascio*, 780 F.3d at 639-40. Plaintiff testified that he could sit for 30 to 45 minutes at a time, stand for 30 to 45 minutes at a time, walk at least a block, and carry 10 pounds (R. at 41-42). The ALJ apparently credited Plaintiff's statements about his ability to sit and stand by adding a sit-stand option to the ALJ's RFC assessment as posed in the ALJ's hypothetical questions to the VE (R. at 25, 54-55). *See id.* at 640. The VE testified that the imposition of a sit-stand option would preclude Plaintiff's past work as a security guard but would not preclude other jobs, such as a counter clerk, router, or office helper (R. at 54-55).

> But despite [Plaintiff's] assertion that [he] was limited in [his] ability to walk and lift, the ALJ found that [Plaintiff] could perform "light work," which includes lifting up to 20 pounds and performing "a good deal of walking." Nowhere, however, does the ALJ explain how he decided which of [Plaintiff's] statements to believe and which to discredit, other than the vague (and circular) boilerplate statement that he did not believe any claims of limitations beyond what he found when considering [Plaintiff's] residual functional capacity. The ALJ's lack of explanation requires remand.

*Mascio*, 780 F.3d at 640 (citation omitted). In light of *Mascio*, the Court remands this case under the fourth sentence of 42 U.S.C. § 405(g) and need not address Plaintiff's remaining arguments.

---

[3] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

## VII

## Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 16) is **DENIED**. Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**. Plaintiff's alternative motion for remand (ECF No. 14) is **GRANTED**. Defendant's final decision is **REVERSED IN PART** under the fourth sentence of 42 U.S.C. § 405(g). This matter is **REMANDED** for further proceedings consistent with this opinion. All other pending motions are **DENIED AS MOOT**. A separate order shall issue.

Date: September 30, 2015                             /s/
                                          Thomas M. DiGirolamo
                                          United States Magistrate Judge