IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **RONNIE PATTON,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil No. TMD 14-1369 |
| v. | * | |
| | * | |
| | * | |
| **CAROLYN W. COLVIN,** | * | |
| **Acting Commissioner of Social Security,** | * | |
| | * | |
| Defendant. | * | |
| | ************ | |

## MEMORANDUM

This matter is before the Court on Plaintiff's Petition for Fees Under the Equal Access to Justice Act (the "EAJA") (ECF No. 23), Defendant's Opposition to Plaintiff's Motion for Attorney's Fees Under the EAJA (ECF No. 24), and Plaintiff's Reply with Amendment to Defendant's Opposition to Plaintiff's Request for EAJA Fees (ECF No. 27). For the reasons stated below, Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART**.

Under the EAJA, a "prevailing party" in any civil action brought by or against the United States, "including proceedings for judicial review of agency action," is entitled to recover reasonable fees and expenses incurred in the proceeding. 28 U.S.C. § 2412(d)(1)(A). The prevailing party is not entitled to such fees and expenses, however, if the Court finds that the position of the United States was "substantially justified." *Id.* In this case, the parties agree that Plaintiff is a "prevailing party" entitled to attorney's fees under the EAJA, and the Government does not contest that the position of the United States was not "substantially justified." The parties do dispute, however, the reasonableness of the number of hours of work claimed by Plaintiff's counsel. In his EAJA petition and reply, Plaintiff claims that his counsel is entitled to

an award of $7,990.00 in compensation for 57.95 hours of attorney work at a rate of $125 per hour and for 5.97 hours of legal assistant work at a rate of $125 per hour. Defendant opposes Plaintiff's request, arguing that the total hours claimed by Plaintiff's counsel for preparing his Memorandum in Support of his Motion for Summary Judgment, Reply, and EAJA petition are excessive. Defendant maintains that 30.52 hours is appropriate and that the Court instead should award attorney's fees in the amount of $3,815.00. In reply, Plaintiff contends that Defendant's proposal is arbitrary.

> Once the district court determines that plaintiffs have met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the "task of determining what fee is reasonable." "A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee." However, "[w]here settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." Counsel "should submit evidence supporting the hours worked," and exercise "'billing judgment'" with respect to hours worked. "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority."

*Hyatt v. Barnhart*, 315 F.3d 239, 253-54 (4th Cir. 2002) (alteration in original) (citations omitted). "The district court is accorded 'substantial discretion in fixing the amount of an EAJA award,' but is charged with the duty to ensure that the final award is reasonable." *Id.* at 254 (citation omitted). "In sum, the EAJA provides that attorneys for a prevailing party should be paid 'for all time reasonably expended on a matter,' but the EAJA should not 'produce windfalls to attorneys.'" *Id.* "Courts within this circuit have held . . . that in typical Social Security cases it is reasonable for an attorney to expend between twenty and forty hours." *Roth v. Comm'r, Soc. Sec.*, Civil Case No. SAG-14-62, 2015 WL 567168, at *3 (D. Md. Feb. 10, 2015) (citing cases and determining that spending 43.16 hours to prepare and draft plaintiff's motion for summary judgment was excessive).

On the other hand, "courts cannot drastically reduce awards simply because the attorney has requested compensation for more than forty hours or make reductions with a target number in mind." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (per curiam). Rather, courts "must explain why the amount of time requested for a particular task is too high. Any other approach fails to give deference to the winning lawyer's professional judgment . . . ." *Id.* The court in *Costa* found that the magistrate judge's reduction by nearly one-third of the hours requested by the plaintiff's counsel was improper because the magistrate judge merely found that the issues in the case were not novel or complex and that the brief was not very long. *Id.* at 1136-37. The magistrate judge in that case also did not explain why the amount of time that he ultimately allotted to the plaintiff's counsel's preparation of supplemental and reply memoranda was reasonable. *Id.* at 1137.

The Court finds that certain claims in Plaintiff's EAJA petition warrant reduction. Plaintiff claims 5.98 hours by his attorney in preparing the EAJA petition and 2.9 hours by his attorney's legal assistant in preparing the supporting reply. "EAJA fee petitions are near-identical in every case, with the exception of dates, amounts, and a single paragraph describing the outcome of the case. Given the routine nature of these documents, it is difficult to see how they would take experienced counsel significant time to prepare." *Mitchell v. Comm'r, Soc. Sec.*, No. DKC-16-359, 2016 WL 6802834, at *2 (D. Md. Nov. 17, 2016) (citing *Bradford v. Colvin*, No. WMN-14-2016, 2015 WL 5895795, at *4 (D. Md. Oct. 5, 2015)). "0.5 hours is a closer approximation of the non-clerical work that goes into tailoring an EAJA fee petition for each case." *Talmo v. Colvin*, No. CV ELH-14-2214, 2015 WL 5897707, at *2 (D. Md. Oct. 5, 2015). The Court finds that four hours to be a reasonable time in this case and thus deducts 4.88 hours from the time for preparation of the EAJA petition and supporting reply.

Further, Plaintiff's counsel claims 3.07 hours for a legal assistant to proofread and critique the motion for summary judgment. "[T]asks of a clerical nature are not compensable as attorney's fees," however. *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000). The Court thus deducts 3.07 hours from the time for the preparation of Plaintiff's motion for summary judgment. *See Mitchell*, 2016 WL 6802834, at *2 (disallowing 1.91 hours spent by legal assistant to proofread and critique fee petition and motion for summary judgment, as "the Commissioner should not pay for a legal assistant to review and critique these documents, written by counsel, before filing").

In light of the circumstances of this case, the Court finds that an award of fees in the amount of $6,996.25 for 55.97 hours at the requested hourly rate of $125 is reasonable. Plaintiff's Petition for Fees Under the Equal Access to Justice Act (ECF No. 23) thus is **GRANTED IN PART** and **DENIED IN PART**. A separate order shall issue.


Date: December 14, 2016                              /s/
                                              Thomas M. DiGirolamo
                                              United States Magistrate Judge